IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 3-01-CR-0177-H(19) |
| | § | NO. 3-06-CV-0045-H |
| TOMMY SIMPSON | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**<u>UNITED STATES MAGISTRATE JUDGE</u>**

Defendant Tommy Simpson, by and through his counsel of record, has filed a motion to correct, vacate, or set aside his sentence pursuant to 28 U.S.C. § 2255. For the reasons stated herein, the motion should be denied.

I.

Defendant was convicted by a jury of conspiracy to manufacture, distribute, and possess with intent to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. § 846. Punishment was assessed at 360 months confinement followed by supervised release for a period of five years. His conviction and sentence were affirmed on direct appeal. *United States v. Simpson*, 334 F.3d 453 (5th Cir. 2003). Defendant now seeks post-conviction relief pursuant to 28 U.S.C. § 2255.[1]

II.

In his sole ground for relief, defendant contends that his sentence was enhanced based on facts not submitted to the jury or proved beyond a reasonable doubt in violation of *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

---

[1] A prior section 2255 motion filed by defendant before his sentencing hearing was dismissed without prejudice. *See* Order, 4/12/02.

In *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), a majority of the Supreme Court held that an enhanced sentence imposed by a judge under the Washington Sentencing Reform Act, which was based on facts neither admitted by the defendant nor found by a jury, violated the Sixth Amendment to the United States Constitution. *Blakely*, 124 S.Ct. at 2538. *Booker* extended that holding to invalidate the mandatory nature of the federal sentencing guidelines. *See Booker*, 125 S.Ct. at 759. However, *Booker* does not apply retroactively to cases on collateral review. *Id.* at 769 (Breyer, J.), *citing Griffith v. Kentucky*, 479 U.S. 314, 328, 107 S.Ct. 708, 716, 93 L.Ed.2d 649 (1987) (holding that decision applies "to all cases on *direct review*") (emphasis added). *See also United States v. Gentry*, 432 F.3d 600, 605-06 (5th Cir. 2005) (holding that *Booker* is not applicable to cases already final); *In re Elwood*, 408 F.3d 211, 213 (5th Cir. 2005) (citing cases) (same). Consequently, defendant is not entitled to post-conviction relief on this ground.

## **RECOMMENDATION**

It plainly appears from the face of the motion and the record of prior proceedings that defendant is not entitled to relief. Accordingly, his motion to correct, vacate, or set aside sentence should be summarily denied. *See* Rule 4(b), Rules Governing Section 2255 Cases.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 7, 2006.

                                        JEFF KAPLAN
                                        UNITED STATES MAGISTRATE JUDGE